**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4444**

———————

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

    versus

RONALD DEAN MULLINS,

                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Norman K. Moon, District Judge. (CR-04-7003)

———————

Submitted:  October 12, 2005      Decided:  November 8, 2005

———————

Before WILKINSON and LUTTIG, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

John S. Edwards, LAW OFFICE OF JOHN S. EDWARDS, Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Joseph W. H. Mott, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Dean Mullins appeals his convictions for possession of a firearm and ammunition as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000), and possession of cocaine in violation of 21 U.S.C. § 844 (2000). Mullins asserts that the district court erred in denying his motion to suppress evidence obtained during a police search of his vehicle parked at his residence because the vehicle was beyond the scope of the search warrant. Finding no error, we affirm.

We review the district court's factual findings on a suppression motion for clear error and its legal conclusions de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004), cert. denied, 125 S. Ct. 867 (2005).

Here, the search warrant at issue authorized law enforcement officers to search any vehicle located on the curtilage of the residence. The bounds of the curtilage are determined by analyzing "[t]he proximity of the area claimed to be curtilage to the home, whether the area is included with an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by." United States v. Dunn, 480 U.S.

294, 301 (1987).  Mullins's vehicle was parked on the property between the road and a chain-link fence a short distance from the residence's entrance.  The residence was located in a rural area, had no apparent driveway or other parking area, and it appeared that the space between the road and fence was regularly used as a parking pad.  The fence itself was constructed to contain dogs, not for purposes of privacy, and included two gates to facilitate movement between the residence and parking area.  We therefore find no error in the district court's conclusion that the officers had an objectively reasonable belief regarding the scope of the warrant as including Mullins's vehicle.[*]  See generally Maryland v. Garrison, 480 U.S. 79, 86-88 (1987) (finding no Fourth Amendment violation when officers acted reasonably and in good faith when executing overly broad warrant).

Accordingly, the district court did not err when it denied Mullins's motion to suppress.  We therefore affirm Mullins's convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]We do not decide whether the vehicle was parked in the home's curtilage because the record adequately establishes the objective reasonableness of the officers' belief of the warrant's scope. See United States v. Patterson, 278 F.3d 315, 317 (4th Cir. 2002).

- 3 -